CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 04 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY ADKINS,<br>Plaintiff, | ) ) ) | Civil Action No. 7:15-cv-00139 |
| v. | ) ) ) | MEMORANDUM OPINION |
| ROBINSON, et al.,<br>Defendants. | ) ) | By: Hon. Michael F. Urbanski<br>United States District Judge |

Michael Anthony Adkins, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names three staff of the Danville City Jail ("Jail") as defendants: Sheriff Michael Mondul, Mental Health Counselor Asia Hall, and Nurse Robertson.[1] Plaintiff alleges that defendants failed to provide necessary mental health treatment while at the Jail. Defendants filed motions to dismiss with an affidavit in support, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the claims against Sheriff Mondul and Nurse Robertson, denies Hall's motion, and directs Hall to file a motion for summary judgment.

I.

Plaintiff alleges the following facts in the verified complaint and attachments:

> I arrived in this Jail from Popular Springs Psychiatric Hospital with prescriptions [for] Prozac and Traz[o]done and Ben[a]dryl on [November 20, 2014]. I never received my medicine for my condition. I did[]n't receive my medicine period by Nurse Rob[ertson]. On [October 19, 2014,] I seen from mental health Asia[] Hall here at the Jail. She stated she could try and get my medicine but she didn't at all. Sheriff ... Mond[]ul is well aware of my situation and is liable for me because I'm in his Jail[] [a]nd he has not help[ed] me get my prescribe[d] medicine period. I am a DOC inmate. I want to be transferred to the Department of Corrections so I can get my proper medicine and see a psychiatrist....

---

[1] Plaintiff had initially misnamed Sheriff Mondul as Moduol, Nurse Robertson as Robinson, and Asia Hall as Asian and Asain.

> \* \* \*
> I want an injunction so I can get proper medicine: my Prozac[,] Vistaril[,] and Trazodone. I['ve] seen mental health and Asia[] Hall and still can't get proper medicine. She stated I couldn't until I get released.

(ECF No. 1 at 2, 4-5.) Plaintiff explains in his response to defendants' motions that he never received a mental health exam upon his arrival at the Jail, allegedly in violation of state policy, and that the prescriptions were needed to treat a bipolar disorder. Plaintiff argues that Nurse Robertson, as the Jail's intake nurse, was responsible for the Jail's failure to conduct an initial mental health exam. As a result of not receiving his medications, Plaintiff allegedly twice experienced a substantial risk of pain and suicide.

In addition to an injunction, Plaintiff demands $7.5 million in damages. (ECF Nos. 9, 12.) Plaintiff is no longer incarcerated at the Jail or a state correctional facility.

## II.
### A.

Sheriff Mondul and Nurse Robertson filed a motion to dismiss challenging the sufficiency of the complaint and relying on an attached affidavit from a Jail employee. The court does not need to refer to the affidavit to adjudicate Sheriff Mondul and Nurse Robertson's motion, and thus, their motion to dismiss is not converted to a motion for summary judgment. See Fed. R. Civ. P. 12(d).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

2

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

### B.

Hall filed a motion to dismiss challenging the sufficiency of the complaint. Although she did not file an affidavit, she relies on the affidavit already filed by Sheriff Mondul and Nurse Robertson that the court will not exclude to adjudicate Hall's motion. Consequently, Hall relies on documents beyond the pleading, and the court converts Hall's motion to dismiss into a motion for summary judgment.[2] Fed. R. Civ. P. 12(d).

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish

---

[2] Roseboro notices were issued on July 10 and 17, 2015. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

3

the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

### III.

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in

4

question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A medical need serious enough to give rise to a constitutional claim involves a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Miltier, 896 F.2d at 851. However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 105-06; see Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

To succeed with an unconstitutional medical treatment claim against non-medical prison personnel, plaintiff must show that the official was personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or was deliberately indifferent to the medical provider's misconduct when even a lay person would

5

understand that the medical provider is being deliberately indifferent. Miltier, 896 F.2d at 854. Supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel. Id. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's medical need. Id.

## IV.
### A.

Sheriff Mondul and Nurse Robertson's motion to dismiss must be granted. Plaintiff does not describe Sheriff Mondul's deliberate indifference, and Sheriff Mondul cannot be liable via respondeat superior. Similarly, Plaintiff does not describe Nurse Robertson's deliberate indifference as Plaintiff acknowledges that Nurse Robertson never scheduled him for an intake exam or examined him. Nurse Robertson's alleged negligence or a failure to follow policies or procedures is not a sufficient basis to impose liability via § 1983. See, e.g., Estelle, 429 U.S. at 105-06; Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, Sheriff Mondul and Nurse Robertson's motion to dismiss must be granted because Plaintiff fails to describe how Sheriff Mondul or Nurse Robertson was personally aware of facts indicating a substantial risk of serious harm.

### B.

Hall relies on an affidavit by Colonel Salmon filed in support of Sheriff Mondul and Nurse Robertson's motion to dismiss to argue that Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Col. Salmon avers that Plaintiff did not file grievances about the instant claims although the Jail has a grievance requirement for these types of claims.

6

The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

Plaintiff alleges that he attempted to obtain grievance forms to notify Jail staff of his need for prescriptions and that staff either told him that the issue was non-grievable or refused to give Plaintiff the necessary grievance form.[3] Consequently, the inference is that Plaintiff was denied the opportunity to file grievances, and the motion cannot be granted based on a failure to exhaust available administrative remedies. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)

---

[3] Plaintiff averred on his verified statement that staff "wont give you Grievances when you ask." (ECF No. 2.)

(holding that a district court erred by not considering prisoner's claim that he was unable to submit a grievance, and therefore lacked available administrative remedies, because prison employees refused to provide him with the necessary forms).

## C.

Liberally construing the complaint and viewing the inferences in Plaintiff's favor, Plaintiff states a claim of deliberate indifference to a serious medical need against Asia Hall. Hall argues that Plaintiff did not "allege any medical condition that would require treatment with such medication at the time that he was incarcerated at the Jail," and "did not allege that Asia Hall knew of a confirmed psychiatric or medical diagnosis for which medication was required." However, Plaintiff asked Hall for the mental health medications already prescribed to him after he arrived at the Jail from a psychiatric hospital. Hall told Plaintiff she would investigate his request, and after this investigation, she told Plaintiff he would not get any treatment at the Jail. Consequently, the inference viewed in Plaintiff's favor is that Plaintiff told Hall about the need for numerous mental health prescriptions for a diagnosed mental illness; Hall reviewed Plaintiff's record, which revealed Plaintiff's recent prescriptions from a psychiatric hospital; and Hall refused to provide the treatments or recklessly disregarded Plaintiff's need for treatment.[4] Hall's alleged "[f]ailure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs." Miltier, 896 F.2d at 854.

---

[4] As a consequence of this deliberate indifference, Plaintiff allegedly experienced pain and was suicidal. The record does not presently allow an inference that Hall knew of or recklessly disregarded Plaintiff's suicidal tendencies. See, e.g., Gordon v. Kidd, 971 F.2d 1087, 1094 (4th Cir. 1992); Belcher v. Oliver, 898 F.2d 32, 35-36 (4th Cir. 1990). However, the objective component of the Estelle standard in this case is not Plaintiff's suicidal tendencies or thoughts but the deprivation of the treatments prescribed from a psychiatric hospital. See, e.g., Iko, 535 F.3d at 241 ("Beginning with the objective component, a serious medical need is one that has been diagnosed by a physician as mandating treatment . . . ." (internal quotation marks and ellipses omitted)).

8

Hall further argues that Plaintiff "did not allege that he was denied an opportunity to meet with a medical doctor who could prescribe medication for any purported serious medical need or that any physician with a contractual relationship with the Jail had treated him or prescribed medication for him." However, the fact an inmate may receive treatment from one person does not relieve another person of liability for being deliberately indifferent to a serious medical need.

V.

For the foregoing reasons, the court grants Sheriff Mondul and Nurse Robertson's motion to dismiss and denies Hall's converted motion for summary judgment. Hall shall file a motion for summary judgment supported by affidavit(s) within thirty days pursuant to Standing Order 2013-6.

ENTER: This 4th day of ~~December, 2015~~ January, 2016.

/s/ Michael F. Urbanski
United States District Judge

9