CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY ADKINS,<br>    Plaintiff, | Civil Action No. 7:15-cv-00139 |
| v. | MEMORANDUM OPINION |
| ROBINSON, et al.,<br>    Defendants. | By:   Hon. Michael F. Urbanski<br>       United States District Judge |

Michael Anthony Adkins, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 about his incarceration at the Danville City Jail ("Jail"). The court previously granted a motion to dismiss and terminated defendants, and presently before the court are motions for summary judgment filed by Plaintiff and the remaining defendant, Asia Hall. After reviewing the record, the court grants Hall's motion for summary judgment and denies Plaintiff's motions for summary judgment.

I.
A.

Plaintiff alleges the following facts in the verified complaint and attachments:

> I arrived in this Jail from Popular Springs Psychiatric Hospital with prescriptions [for] Prozac and Traz[o]done and Ben[a]dryl on [November 20, 2014]. I never received my medicine for my condition. I did[]n't receive my medicine period by Nurse Rob[ertson]. On [October 19, 2014,] I seen from mental health Asia[] Hall here at the Jail. She stated she could try and get my medicine but she didn't at all.
>
> * * *
>
> I want an injunction so I can get proper medicine: my Prozac[,] Vistaril[,] and Trazodone. I['ve] seen mental health and Asia[] Hall and still can't get proper medicine. She stated I couldn't until I get released.

(ECF No. 1 at 2, 4-5.) Plaintiff explains that he never received a mental health exam upon his arrival at the Jail, allegedly in violation of state policy, and that the prescriptions were needed to

treat a bipolar disorder. As a result of not receiving his medications, Plaintiff allegedly twice experienced a substantial risk of pain and suicide.

## B.

Defendant Hall is an adult outpatient counselor employed with the Danville/Pittsylvania County Community Services Board ("CSB"). As the CSB liaison to the Jail, she visits inmates once a week and provides counseling services upon request. Hall would advise an inmate to follow up with a physician if that inmate told Hall of needing medication. If the inmate had an open case with the CSB before being incarcerated, Hall would explain that the inmate could continue to see the CSB-associated doctor seen before being incarcerated. In contrast, Hall would explain that an inmate had to request services through the Jail's medical staff if the inmate did not have an open case with the CSB before being incarcerated. Hall is not a physician and cannot prescribe medications.

Hall met with Plaintiff during his incarceration at the Jail on two occasions: once in December of 2014, and once in March of 2015 when he requested to be seen by mental health. Hall alleges she never met with Plaintiff in either October or November 2014, which is when Jail staff allegedly did not give him medication.

When Hall first met with Plaintiff in December 2014, Plaintiff informed her that he arrived at the Jail from Poplar Springs Hospital, he had suffered from anxiety, and he needed medications in the past. Plaintiff asked Hall for medication, but Hall advised Plaintiff that she could provide only counseling services and not medications. Plaintiff emphasized that he did not want counseling and wanted medication. Consequently, Hall explained the CSB's policy for treating inmates who had and who had not previously seen a CSB-associated physician. Because Plaintiff said he had an open case with the CSB before his incarceration, Hall attempted to

2

confirm this claim. However, she learned that Plaintiff had not had an open case with the CSB, and consequently, she told Plaintiff that he could not receive medications from a CSB-associated doctor and needed to follow up with the Jail's medical staff. Hall did not further communicate with Plaintiff about any request for medication.

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). A plaintiff cannot use a response to a

3

motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. See Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

Plaintiff fails to establish that Hall acted with deliberate indifference to a serious medical need in violation of the Eighth Amendment. Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52.

A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851. However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 105-06; see Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of treatment also does not state a § 1983

4

claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Plaintiff told Hall in December 2014 that he had suffered from anxiety and had needed medications in the past. Hall was not able to prescribe medication but did advise Plaintiff how to obtain a prescription from a physician, either via the CSB or the Jail. Plaintiff does not establish that Hall objectively knew of a confirmed psychiatric diagnosis for which medication was required other than his statement about anxiety. In contrast, Hall avers unopposed that, because Plaintiff was not a client of the CSB, she has never seen Plaintiff's medical records and, because Plaintiff refused her counseling services, she could not confirm Plaintiff's self-reported medical diagnosis. Consequently, Hall was not in a position to independently confirm or evaluate Plaintiff's medical need. Nevertheless, Hall did provide Plaintiff with information about how to obtain medication via Jail staff. Thus, the record does not demonstrate that Hall was personally aware of facts indicating a substantial risk of serious harm or recklessly disregarded an apparent risk of harm. Accordingly, Hall's motion for summary judgment is granted, and Plaintiff's motions for judgment is denied.

### III.

For the foregoing reasons, the court grants Hall's motion for summary judgment and denies Plaintiff's motions for judgment.

ENTER: This 27th day of May, 2016.

/s/ Michael F. Urbanski
United States District Judge

5

Case 7:15-cv-00139-MFU-RSB   Document 57   Filed 05/27/16   Page 5 of 5   Pageid#: 212